## BAUER v INDUSTRIAL COMMISSION

Ohio Appeals, 5th Dist, Stark Co

Decided October 11, 1938

Aungst, Snyder & Walsh, Canton, for appellant.

Herbert S. Duffy, attorney general, John Rossetti, assistant attorney general, Columbus, Deane D. McLaughlin, assistant prosecuting attorney, Canton, for appellee.

### OPINION

By MONTGOMERY, PJ.

In the trial of this action in the Common Pleas Court, at the conclusion of all the evidence the trial court directed a verdict for the Industrial Commission and rendered judgment thereon, and from that judgment an appeal is perfected to this court.

We have been favored with the very able and exhaustive opinion rendered by the trial court in overruling the motion for new trial. He fortifies his conclusion by referring to the series of Industrial Commission cases as reported in Volume 126 Ohio State Reports, and decisions of lower courts in pursuance thereof.

It is apparent from a study of the later decisions of the Supreme Court that the position of that court has been changed, or perhaps it should be stated, has been clarified. Attention is directed to the pronouncements made during the course of the opinions in the two cases of Spicer Mfg Co v Tucker, 127 Oh St, 421, and Industrial Commission v Barthlome, 128 Oh St, 13.

Judge Hornbeck, in a very exhaustive opinion appearing in the case of Industrial Commission v Leuger, 54 Oh Ap, 148, 7 OO, 466, in which opinion his associates concurred, traces the history of all these leading Industrial Commission cases in Ohio and the development of the theory of compensation in cases similar to the case now presented to us.

Applying the principles announced in the two pronouncements of the Supreme Court hereinbefore referred to, and the discussions of Judge Hornbeck in the Leuger case, we can come to no conclusion other than that there must be a reversal of the judgment in the instant case.

Here is a situation of a man suffering from a serious heart condition, of which fact his employer had full knowledge. On the date in question, which was a hot day, the decedent was hurriedly summoned back from Mansfield to make repairs in a refrigerating plant where he was employed. True, the making of these repairs was in the course of his employment, as he was the man ordinarily called upon to make such repairs in the event of sudden need. It is also true that there is no evidence of any unusual manual labor or strain resulting therefrom. However, there was this decidedly unusual thing, according to the evidence of the widow, which appears in the record, that in doing this work he was compelled a number of times to climb up and down steps and that all the time that he was so engaged in doing this work, he was hurrying. That this might well be so can be understood from the fact of the necessity of making these repairs and making them speedily, due to the fact that this was an ice plant and that the day was exceedingly hot, and that unless the machinery be repaired quickly, very substantial loss would ensue.

The testimony of the physicians is to the effect that this heart condition might well be accelerated by such hurrying and that it might well be and was a contributing factor in the death.

Another employee of the company, in his evidence, contradicts in part, or at least fails to substantiate the testimony of the widow as to the hurried manner in which the decedent performed his work, but this thereby became simply a question of the fact and as such should

have been submitted to the jury for its determination.

In other words, if the matter were properly presented to a jury and the jury should believe the testimony of the decedent's widow as to this unusal manner of doing this work, then we would hold that the plaintiff appellant and the estate of her mother were entitled to participate in this fund.

It follows, therefore, that the judgment of the trial court will be reversed and this cause will be remainded to that court for further proceedings.

SHERICK and LEMERT, JJ, concurring.